## HOLZMACHER v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. May 26, 1920.)

No. 2768.

1. **Criminal law ⬤ ▷371(1)—Evidence of irrelevant matters to show intent is error, where intent is immaterial.**

In cases where there are eye or ear witnesses to the happening of an isolated transaction, and the sole question is whether it happened or did not happen, it is not proper or competent to permit the introduction of evidence of other remote and disconnected matters, not charged in some good count in the indictment, to prove intent, where the element of intent is not involved in the crime charged.

2. **Criminal law ⬤ ▷371(1)—Evidence of prior disloyal utterances held inadmissible.**

In prosecution under Espionage Act, tit. 1, § 3, refusal to withdraw, and instruction allowing consideration of, evidence that accused, over a month before the amendment to the act by act May 16, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), uttered disloyal language about the government and the flag, was error, where defendant was tried on a count charging him with the use of disloyal and abusive language about the military and naval forces of the government in the fall of 1918; there being no question of intent involved.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Peter Holzmacher was convicted of an offense under the Espionage Act, and brings error. Reversed and remanded.

Thomas H. Riley and D. B. Brillow, both of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and John H. Lally, both of Chicago, Ill., for the United States.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. On August 31, 1918, Holzmacher was indicted on two counts, each charging an offense punishable only under section 3 of the Espionage Act as amended May 16, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c). A demurrer to the first count, on the ground that, at the time when it is charged the language was used, there was no such offense, was overruled, and a trial was had on both counts. A great deal of evidence was introduced under the first count, but at the close of the evidence the court took the first count from the jury, and this proceeding is to reverse the judgment, under which a sentence to a federal penitentiary was imposed under the second count.

The first count charged that the defendant on, to wit, April 7, 1918, over a month before the above amendment, uttered language about the form of government of the United States and the flag 'of the United States, with intent to bring them into contempt. Any language shown that tended to prove the first count was all used prior to April 7, 1918; so of course it could not violate an act passed over a month later, and the court was right in taking the first count from the jury. When the first count was taken from the jury, the evidence introduced under that count was not withdrawn. On the contrary, the court instructed the jury that—

"Evidence as to language used by him on other occasions was allowed to go in for and against, solely for the purpose of enabling you to determine the question of intent of the defendant, to enable you to question the spirit and purpose—the fact of his being the kind of man, during that period of time, that would harbor such an intent."

The question here is as to whether the failure to withdraw the evidence introduced under the first count and the giving of the above instruction constituted harmful error. The charge in the second count is that the defendant did utter profane, scurrilous, and abusive language about the military and naval forces of the United States, in that he did state in substance as follows, to wit:

"The American soldiers are all a lot of damned bums, and it is a good thing to send them across the ocean to Germany. Then they won't never come back."

The question of intent was in no way involved in this count of the indictment, and the sole question was: Did the defendant use the above language?

[1, 2] In cases where there are eye or ear witnesses to the happening of an isolated transaction, and the sole question is whether it happened or did not happen, it is not proper or competent to permit the introduction of evidence of other remote and disconnected matters, not charged in some good count in the indictment, to prove intent, where the element of intent is not involved in the crime charged. Prettyman v. United States, 180 Fed. 36, 103 C. C. A. 384; People v. King, 276 Ill. 145, 114 N. E. 601; Fish v. United States, 215 Fed. 549, 132 C. C. A. 56, L. R. A. 1915A, 809; Boyd v. United States, 142 U. S. 450, 12 Sup. Ct. 292, 35 L. Ed. 1077. What the defendant said or did not say in April could have no possible bearing upon the question as to whether he, in the fall of that year, uttered the language charged in the second count; and the admission of the evidence under the first count and the failure to withdraw it when the count was withdrawn, and the instruction that the jury could consider it upon the question of intent, constituted harmful and reversible error; and the judgment is reversed, and the cause remanded, with instructions to proceed in harmony with this opinion.